IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ORWELL NATURAL GAS COMPANY, ) | CASE NO.: 1:08 CV 2105 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | |
| DOMINION RESOURCES, INC., *et al.*, ) | <u>MEMORANDUM OPINION</u> |
| ) | <u>AND ORDER</u> |
| Defendants. ) | |
| ) | |

This matter is before the Court on the Motion to Dismiss filed by Defendants Dominion Resources, Inc. and Dominion East Ohio Gas Company, d/b/a Dominion East Ohio (collectively "Dominion"). (ECF # 14.) For the reasons set forth below, the Motion is DENIED.

## I. BACKGROUND[1]

In its First Amended Complaint, Plaintiff alleges that Defendants, its only competitor in Northeast Ohio, constitute one of the largest gas distribution/transportation companies in the market area. (ECF # 10 at ¶ 28.) Plaintiff states that, as the Northeast Ohio commercial market area is developing, Defendants are using all means possible to effectively capture that entire industry, including inducing the breach of contracts. (*Id.* at ¶ 29.) As such, Plaintiff alleges that Defendants have engaged in predatory or anticompetitive conduct and monopolistic activities. In particular, Plaintiff claims that, in their attempts to capture the entire market, Defendants have, *inter alia*, induced the breach of Plaintiff's contract with a company known as PCC Airfoils, LLC, known as the Large General Transportation Service Agreement. (*Id.* at ¶ 6, 29.)

---

[1] The facts as stated in this Memorandum Opinion and Order are taken from the Complaint and should not be construed as findings of this Court. In a motion to dismiss, the Court is obligated, for the purposes of that motion, to accept as true the facts set forth by the non-moving party, in this case, Plaintiff.

In Count I of the Amended Complaint, Plaintiff attempts to set forth a claim based upon Defendants' alleged violation of 15 U.S.C. § 2. (*Id.* at ¶¶ 27-36.) In Count II of the Amended Complaint, Plaintiff claims that Defendants' monopolistic activities are in violation of 15 U.S.C. § 14. (*Id.* at ¶¶ 37-42.) In Count III of the Amended Complaint, Plaintiff seeks a declaration of rights under the contract. (*Id.* at ¶¶ 43-51.) In Count IV of the Amended Complaint, Plaintiff attempts to state a state law claim for tortious interference with contract. (*Id.* at ¶¶ 52-62.)

On November 16, 2008, Defendants filed a Motion to Dismiss the Amended Complaint (ECF # 14), along with a Memorandum In Support (ECF # 15). On December 5, 2008, Plaintiff filed an Opposition to the Motion to Dismiss. (ECF # 18.) Finally, on December 12, 2008, Defendants filed a Reply Brief in Support of its Motion to Dismiss. (ECF # 21.) Thus, the Motion has been briefed fully and is now ripe for consideration.

## II. STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6) allows a defendant to test the legal sufficiency of complaint without being subject to discovery. *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003). In evaluating a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and draw reasonable inferences in favorable of the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The court will not, however, accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000).

In order to survive a motion to dismiss, a complaint must provide the grounds of the entitlement to relief, which requires more than labels and conclusions, and a formulaic recitation

of the elements of a cause of action. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). That is,"[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted); *see Association of Cleveland Fire Fighters v. City of Cleveland*, No. 06-3823, 2007 WL 2768285, at *2 (6th Cir. Sept. 25, 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed.2d 80 (1957)"). Accordingly, the claims set forth in a complaint must be plausible, rather than conceivable. *See Twombly*, 127 S. Ct. at 1974.

On a motion brought under Rule 12(b)(6), the court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001). It is with this standard in mind that the instant Motion must be decided.

### III. DISCUSSION

In ruling on Defendants' Motion to Dismiss, this Court must bear in mind that the purpose of such a motion is to test the sufficiency of the pleading. Here, a review of the record demonstrates that Plaintiff has provided Defendants with fair notice of its claims and the basis for such claims. The Court finds that, based upon the standard set forth above, at this stage of the litigation, Plaintiff has set forth sufficient allegations to state a cause of action in Counts I through IV of the Amended Complaint. In sum, the Court finds that, to rule out Plaintiff's claims at this stage of the litigation would be premature. Hence, the Motion to Dismiss is DENIED without prejudice to raise these issues in a motion for summary judgment.

## IV. CONCLUSION

For the reasons set forth above, the Motion to Dismiss is DENIED. (ECF # 14.)

IT IS SO ORDERED.

*[signature]*
DONALD C. NUGENT
United States District Judge

DATED: January 15, 2009